IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER E. TERRERI, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-1182 |
| ANDREW SAUL, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 21st day of September, 2020, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

1

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]  Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to consult a medical advisor because his underlying mental condition is progressive, his onset date is far in the past, and the contemporaneous medical records are sparse and conflicting. He further argues that, in any event, the ALJ's decision is not supported by substantial evidence. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence does indeed support the ALJ's determination that Plaintiff is not disabled.

The basis for Plaintiff's claim that the ALJ was required to consult a medical advisor is not entirely clear. Social Security Ruling ("SSR") 83-20, 1983 WL 31249 (S.S.A.), requires an ALJ to consult a medical advisor to determine the onset date of disability under certain circumstances, but there is really no issue as to the onset date in this case, as the ALJ found that Plaintiff has not been disabled at any time. Indeed, despite the fact that Plaintiff has been diagnosed with cognitive conditions for some time, there does not appear to be any retroactive inference to be made in this case. Regardless, the circumstances under which an ALJ must consult a medical advisor are quite limited. The Third Circuit Court of Appeals, in Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), held that the use of a medical advisor was mandatory pursuant to SSR 83-20 in a case where the alleged onset date was nearly 30 years earlier and where the alleged impairment was a slowly progressive one and adequate medical records for the most relevant period were not available. The court further held that the medical evidence overwhelmingly suggested the onset date argued by the claimant and that there was no legitimate medical basis to the ALJ's finding as to the onset date. Since Walton, the Third Circuit has confirmed that the need to seek out the services of a medical advisor to make retroactive determinations regarding onset is limited to situations where the underlying disease is progressive and difficult to diagnose, where the alleged onset date is far in the past, and where contemporaneous medical records are sparse or conflicting. See Bailey v. Comm'r of Soc. Sec., 354 Fed. Appx. 613, 618 (3d Cir. 2009); Kelley v. Barnhart, 138 Fed. Appx. 505, 509 (3d Cir. 2005); Ballardo v. Barnhart, 68 Fed. Appx. 337, 339 (3d Cir. 2003). Here, as noted, the onset date is not of any particular significance. Moreover, there is considerable contemporaneous medical evidence regarding Plaintiff's condition.

Plaintiff appears to assert that the contemporaneous evidence is "conflicting" because Glen Getz, Ph.D., diagnosed Plaintiff with major neurocognitive disorder, whereas the consultative examiner, Stephen Pacella, Ph.D., diagnosed him with mild neurocognitive disorder. (R. 734, 509). Plaintiff argues that the ALJ nonetheless incorrectly identified the evaluations as "not inconsistent" with one another. (R. 14). However, although Plaintiff discusses the differences between a major and mild neurocognitive disorder, including the different typical symptoms, it is important to note that Dr. Getz did not specifically find that any of these symptoms applied to Plaintiff, nor did he identify any specific functional limitations. The issue is not the precise nature of Plaintiff's neurocognitive disorder diagnosis, but rather the functional limitations caused by this condition and whether these functional limitations precluded him from engaging in any substantial gainful activity. See Walker v. Barnhart, 172 Fed. Appx. 423, 426

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:       Counsel of record

---

(3d Cir. 2006).  Plaintiff does not identify any functional limitations to which Dr. Getz opined that would be inconsistent with the opinion of the consultative examiner.  Moreover, in finding the consultative examination to be not inconsistent with Dr. Getz's evaluation, the ALJ was determining whether to order an additional consultative examination, not whether to consult a medical advisor.  Finally, the ALJ also noted, correctly, that the testing results in this case are comprehensive. (R. 14).  See Tolfa v. Colvin, No. 13-624, 2014 WL 12537091 (W.D. Pa. Sept. 16, 2014) ("[B]ecause the ALJ had access to medical records from the relevant time period, he was not required to call upon a medical advisor pursuant to SSR 83-20.").

Again, there is no issue with the alleged onset date, so it is not clear what role the medical advisor would play in any event.  To the extent that Plaintiff suggests that a medical advisor was needed for the ALJ to formulate Plaintiff's RFC, the Court notes that such a determination is within the province of the ALJ.  See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (holding that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations"); Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006) (observing that "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties"); Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996).  The Court notes that the ALJ discussed all of the record evidence, including Dr. Pacella's opinion and Dr. Getz's evaluation, as well as the numerous other opinions, at significant length in making his findings.

Accordingly, for all of the reasons stated herein, substantial evidence supports the ALJ's decision.  The Court therefore affirms.